

# Fourth Court of Appeals
## San Antonio, Texas

October 25, 2019

No. 04-19-00730-CR

Steve Anthony **MORALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR2737
Honorable Frank J. Castro, Judge Presiding

# O R D E R

Appellant, Steve Anthony Morales, entered into a plea bargain with the State, and pled nolo contendere to a felony offense. As part of his plea-bargain, Morales signed a separate "Waiver of Appeal." The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Morales timely filed a notice of appeal. The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*.

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). The record also appears to support the trial court's certification that Morales does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Morales is hereby given notice that this appeal will be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing he has the right to appeal is made part of the appellate record by **November 15, 2019.** *See* TEX. R. APP. P. 25.2(d); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order) (en banc), disp.

on merits, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We **order** all appellate deadlines suspended until further order of the court. We further **order** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.

_Luz Elena D. Chapa_
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 25th day of October, 2019.

_Luz Estrada_
LUZ ESTRADA,
Chief Deputy Clerk